Matthew A. Rosenthal (SBN 279334)
matt@westgatelaw.com
Westgate Law
15760 Ventura Blvd, Suite 880
Los Angeles, CA  91436
Tel: (818) 200-1497
Fax: (818) 574-6022
Attorneys for Plaintiff,
GIULIETTA WYCHGEL

# IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| GIULIETTA WYCHGEL, <br><br> Plaintiff; <br><br> v. <br><br> BANK OF AMERICA, N.A.; <br><br> Defendant. | Case No.: 2:18-cv-5967 <br><br> **COMPLAINT AND DEMAND FOR JURY TRIAL** <br><br> 1. **Violations of the Electronic Funds Transfer Act, 15 U.S.C. 1693 et seq** |

## INTRODUCTION

1. GIULIETTA WYCHGEL (Plaintiff), through her attorneys, brings this action to secure redress from BANK OF AMERICA, N.A. (Defendant) for violations of the Electronic Fund Transfer Act, 15 U.S.C. 1693 et seq. ("EFTA").

2. Plaintiff brings this Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendant in failing to perform a reasonably diligent investigation into Plaintiff's disputes concerning her personal banking account with Defendant as it pertained to a failure of Defendant in transferring a refunded purchase sum of money back into

Plaintiff's account.  Plaintiff alleges as follows upon personal knowledge as to himself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. 1331, because this action is brought pursuant to the EFTA, 15 U.S.C. 1693 *et seq*.

4. Jurisdiction of this Court arises pursuant to 15 U.S.C. 1693(m), which states that, "without regard to the amount in controversy, any action under this section may be brought in any United States district court."

5. Venue and personal jurisdiction in this District are proper pursuant to 28 U.S.C. 1391(b) because Defendant, a corporation, maintains business offices throughout California and does or transacts business within this District and Plaintiff resides within this district.

6. Plaintiff is a natural person residing in Orange County, State of California.

7. Defendant is a corporation with a principal place of business in New York, New York.

## FACTUAL ALLEGATIONS

8. In or around 2018, Plaintiff entered into a loan agreement with non-party Speedy Cash. Plaintiff arranged for the loan to be paid through recurring scheduled ACH payments from her checking account ending in -8903 with Defendant.

9. In March of 2018, Plaintiff submitted a stop payment request to Defendant in regards to the scheduled ACH payments from Speedy Cash.  In response, Defendant mailed a letter to Plaintiff confirming that no additional ACH payments would be made to Speedy Cash.  *See* Stop Payment Confirmation Letter dated March 14, 2018 attached hereto as Exhibit "A."

10. Despite receiving the stop payment confirmation, Defendant processed an ACH payment of $300 from Plaintiff's checking account in April of 2018. The unauthorized ACH payment caused Plaintiff's account to be overdrawn, and as a result Defendant charged Plaintiff an additional $105.00 in overdraft fees.

11. Believing the ACH payments from her account to be unauthorized, Plaintiff mailed a certified letter to Defendant dated May 16, 2018. *See* Dispute Letter attached hereto as Exhibit "B." In the letter, Plaintiff provided her account number, the dates and amounts of the unauthorized charges, a description of the situation. *See* Exhibit "B."

12. Plaintiff's letter was sent with certified tracking number 7017 3380 0000 2521 8773, and was received by Defendant on May 25, 2018.

13. Despite Plaintiff's efforts, Defendant refused to perform any particular investigation regarding Plaintiff's dispute. Assuming arguendo that Defendant conducted an investigation into the unauthorized transfer, Defendant did not send the results of its investigation to Plaintiff within ten (10) days of its receipt of Plaintiff's letter. Defendant also did not provisionally recredit Plaintiff with any of amount of the disputed funds transfer at any time following the receipt of Plaintiff's dispute.

14. Defendant's alleged "investigation" into Plaintiff's dispute was clearly inadequate, not reasonable, not diligent, and failed to properly address Plaintiff's issues regarding the disputed charges of $300.00 and $105.00.

15. What is more, not only is Plaintiff still without the benefit of her $405.00 refund, but Defendant's actions have resulted in Plaintiff being unable to pay household bills and expenses and other additional expenditures, all of which are a direct result of Defendant's failure to properly handle and resolve her dispute.

# COUNT I:

## DEFENDANT VIOLATED THE ELECTRONIC FUNDS TRANSFER ACT

16. 15 U.S.C. §1693f(a)(3), provides that if a consumer notifies a financial institution of an "error" related to an electronic fund transfer within sixty (60) days of said error, "the financial institution shall investigate the alleged error, determine whether an error has occurred, and report or mail the results of such investigation and determination to the consumer within ten business days."

17. Pursuant to 15 U.S.C. §1693f(f)(2), an "error" as described above includes an incorrect electronic fund transfer from or to the consumer's account.

18. Pursuant to 15 U.S.C. §1693(e), a financial institution is not only liable under §1693m, but is subject to treble damages, should the Court find that: (1) the financial institution did not provisionally recredit a consumer's account within the ten-day period specified in subsection (c), and the financial institution (A) did not make a good faith investigation of the alleged error, or (B) did not have a reasonable basis for believing that the consumer's account was not in error; or (2) the financial institution knowingly and willfully concluded that the consumer's account was not in error when such conclusion could not reasonably have been drawn from the evidence available to the financial institution at the time of its investigation.

19. Based upon the foregoing, Defendant failed to make a good faith investigation into the error regarding Plaintiff's account, did not have a reasonable basis for believing that Plaintiff's account was not in error and/or knowingly and willfully concluded that Plaintiff's account was not in error when such a conclusion could not reasonable have been drawn from the evidence available to the financial institution at the time of its investigation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, GIULIETTA WYCHGEL respectfully requests judgment be entered against Defendant, BANK OF AMERICA, N.A. for the following:

20. Statutory damages of $1,000.00 per 15 U.S.C. §1693m;

21. Actual damages per 15 U.S.C. § 1693m;

22. Costs and reasonable attorneys' fees per 15 U.S.C. § 1693m;

23. Treble Damages;

24. For prejudgment interest at the legal rate; and

25. Any other relief this Honorable Court deems appropriate.

## **TRIAL BY JURY**

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury

Date: July 9, 2018            RESPECTFULLY SUBMITTED,

                                      By:/s/ Matthew A. Rosenthal
                                            Matthew A. Rosenthal
                                            Attorney for Plaintiff,
                                            GIULIETTA WYCHGEL